ZAO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Marcello Marlo RIVERA | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

**FILED**

May 12, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

Case No.  2:22-mj-0076 DB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 11, 2022 _____ in the county of _____ San Joaquin _____ in the
_____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C § 841 (a)(1) | Possession with Intent to Distribute Methamphetamine |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/Brian Nehring
*Complainant's signature*

DEA Special Agent Brian Nehring
*Printed name and title*

Sworn to before me and signed telephonically.

Date: ___ May 12, 2022 ___

City and state: ___ Sacramento, California ___

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Brian Nehring of the DEA, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA), San Francisco Field Division, and have been so employed since 1991.  I have had numerous assignments since beginning with DEA, including being assigned to the San Francisco Division Office between 1991 and 1994, the Alameda County Narcotics Task Force between 1995 and 1996, the San Francisco Division Clandestine Laboratory Enforcement Team from 1997 to 1999, the Oakland Resident Office between 1999 and 2002, and the Mobile Enforcement Team (MET) between 2002 and 2004.  I have been assigned to the Sacramento Division Office since September of 2004.

2. This Affidavit is submitted in support of a Criminal Complaint charging **Marcello Marlo RIVERA** with violations of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Methamphetamine) (Count One) and 18 U.S.C. § 922(g)(1), Felon in Possession of Ammunition (Count Two).

## PROBABLE CAUSE

3. During April of 2022 I conducted an investigation regarding the drug trafficking activities of Marcello Marlo RIVERA. I received information that RIVERA was possessing and distributing large amounts of methamphetamine from his residence located at 1034 Tudor Street, Lodi, California as well as amounts of cocaine and pills suspected to contain fentanyl. This location has consistently been self-provided by RIVERA as his resident address to various agencies including the California Department of Motor Vehicles (DMV) as well as with the Lodi Police Department who have monitored and contacted RIVERA at this residence as part of his lifetime reporting requirements as a convicted sex offender under California Penal Code Section 290.  I had also received information that RIVERA possessed firearms at this location. Based upon this investigation, on May 6, 2022, Magistrate Judge Allison Claire authorized a search warrant for the residence at 1034 Tudor Street, Lodi, California to search for items associated with violations of 21 U.S.C. §§ 841(a)(1) and 846, Distribution, Possession with Intent to Distribute, and Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Cocaine and Fentanyl, as well as items associated with violations of 18 U.S.C. §§ 924(c) and

922(g)(1), Possession of a Firearm in Furtherance of Drug Trafficking and Felon in Possession of a Firearm.

4. On May 11, 2022, at approximately 6:00 a.m., agents executed the search warrant at 1034 Tudor Street, Lodi, California. Upon knocking and announcing the presence of law enforcement officers prepared to execute a search warrant and receiving no response, agents made forced entry into the residence through the front door. Agents ultimately made their way to the master bedroom of the residence where they found RIVERA and his girlfriend and detained both individuals and escorted them out of the room to the outside of the residence.

5. When I entered the room shortly thereafter, I immediately observed that the lid of the cushioned storage bench at the end of the bed was open and I could clearly see several large plastic bags strewn across the interior which contained a significant amount of white crystalline residue which later presumptive tested positive for methamphetamine. These bags appeared to have been hastily accessed and immediately to the right of the storage bench on the floor between this area and the open master bathroom door I observed a WeighMax 800gm digital scale on the floor, which also bore similar residue. I then looked just past this scale into the bathroom and observed a trail of white crystalline residue across the tile to the toilet and I observed similar crystalline residue around the toilet and on the toilet seat. Based upon the size of the bags, the amount of residue on the bags, the digital scale which appeared to have fallen on the floor from out of the bench and on the trail of crystalline residue from the floor and tile leading to the toilet, I formed the belief that when RIVERA had heard the officers knocking and announcing and making entry and clearing the residence as they went, RIVERA had accessed pound quantities of methamphetamine in his room which had been in the storage bench at the foot of his bed and had flushed the majority of this material before officers could enter the room and detain him. I know from my experience that the volume of the bags I located which bore the crystalline residue which tested positive for methamphetamine would have contained when full a minimum of three to five pounds of methamphetamine and that I have seized identical items many times in the past. Throughout this room I located paperwork bearing RIVERA's name, including recent paperwork from the Police Department regarding his sex offender reporting requirements as well as a very large amount of US Currency throughout which I believe was many thousands of dollars.

6. I spoke with RIVERA and read him his Miranda Rights which he acknowledged and he agreed to speak with me. RIVERA told me that there was probably some methamphetamine in his room but that he was not selling methamphetamine.  I asked

him about the large bags of apparent methamphetamine at the foot of his bed, the digital scale and the crystalline substance in his bathroom and he claimed he didn't know anything about those items. RIVERA then told me that he was not selling firearms and that someone had a few days prior told him that he was under investigation for selling firearms to gang members but he did not have any firearms present, which I found odd as I had not asked him about that. RIVERA told me that he rented the house, that his girlfriend occasionally spent the night and that he rented one room to the other individual who had been detained at this location. RIVERA told me that his 2016 white Honda Accord was parked in the garage.

7. Inside the garage of the residence I located RIVERA's white 2016 Honda Accord which per DMV records is registered in his name at this address. During a search of the vehicle agents located a significant amount of US Currency. Directly in front of the vehicle I observed a four-wheel All-Terrain Vehicle (ATV). This vehicle was found to be reported stolen. California Highway Patrol (CHP) Detectives subsequently interviewed RIVERA at the residence and he admitted to possessing the ATV but claimed he did not know it was stolen. While this was occurring, I observed a Sig Sauer Brand pistol magazine which was found to contain seventeen (17) rounds of Federal Brand 9mm Luger Ammunition, clearly visible and resting on a large storage container at the driver's side bumper of RIVERA's vehicle. ATF Special Agent Matt Garrett who was present at this location (and who is also an Interstate Firearms Nexus Specialist) advised me that this ammunition is manufactured outside the State of California.

8. The CHP placed RIVERA under arrest for Possession of a Stolen Vehicle. Before RIVERA was transported I had him sign and acknowledge that the large amount of US Currency I was seizing was being sealed in a bag prior to transporting it from the residence for anticipated forfeiture proceedings. RIVERA claimed all of the money as his own and he asked me if he was going to be charged with any federal violations. I told RIVERA that I anticipated making the circumstances of the search warrant service known to the United States Attorney's Office who would decide but that since RIVERA had been convicted of felonies in the past, possessing a large amount of methamphetamine which had obviously been possessed for sale as well as possessing ammunition were significant crimes. RIVERA acknowledged that he was a felon, that he had been to prison before a couple of times and that he knew he shouldn't have possessed ammunition.

9. Inquiries with the National Criminal Intelligence Center (NCIC) revealed that Marcello Marco RIVERA (FBI#513682PA4) had an extensive criminal history including, but not limited to, felony convictions in California for: (1) Vehicle Theft, in violation of Cal. Vehicle Code § 10851(a), on or about January 30, 1995; (2) Grand

Theft from a Person, in violation of Cal. Penal Code § 487(c), on or about January 30, 1995; (3) Sexual Penetration by Force, in violation of Cal. Penal Code § 289(a)(1), on or about February 22, 2005, for which RIVERA was sentenced to six years in prison; and (4) Infliction of Corporal Injury by Spouse/Cohabitant, on or about February 22, 2005, for which RIVERA was sentenced to six years in prison; as well as numerous parole violations and numerous misdemeanor arrests and convictions for offenses including Resisting Arrest, Possession of a Controlled Substance, Failure to Appear, DUI, Battery and other charges. I learned from NCIC records and from consulting with the Lodi Police Department that RIVERA was in fact a California Penal Code ("PC") 290 convicted sex offender with a life-time requirement to register with any police agency in the area he resided.

10.  RIVERA is currently out of custody and unaware of the federal charges proposed in this Affidavit. I believe that public disclosure of the Criminal Complaint or this Affidavit could cause RIVERA to flee from prosecution, destroy evidence, and/or could endanger agents executing the requested Arrest Warrant. Therefore, I respectfully request that the Criminal Complaint, this Affidavit, and Arrest Warrant be sealed until further order of the Court.

**[CONTINUED ON NEXT PAGE]**

11. I request that based upon this Affidavit, a Criminal Complaint and Arrest Warrant be issued for **Marcello Marlo RIVERA** charging him with 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Methamphetamine) (Count One) and 18 U.S.C. § 922(g)(1), Felon in Possession of Ammunition (Count Two).

I swear under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.


   /s/Brian Nehring
Brian Nehring, Special Agent
Drug Enforcement Administration



Sworn to and subscribed before
me on the   12   day of May 2022.


DEBORAH BARNES
 UNITED STATES MAGISTRATE JUDGE
Approved as to form:


*/s/ David Spencer*
David Spencer
Assistant U.S. Attorney